FULTON NAT. BANK v. UNITED STATES.

TRUST CO. OF GEORGIA v. UNITED STATES.

Nos. 13830, 13831.

United States Court of Appeals Fifth Circuit.

June 18, 1952.

Alex W. Smith, Alex W. Smith, Jr., A. G. Cleveland, Jr., Atlanta, Ga., for appellants.

H. A. Stephens, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

These two cases were argued together and submitted upon consolidated briefs. Both actions were instituted by the United States to recover on two checks, each of which was drawn on the Treasurer of the United States, and had been endorsed and collected by the holder. When the checks were presented by appellants for payment, their respective rubber-stamp endorsements appeared thereon, reading in part as follows: "All prior indorsements guaranteed." One check indicated in the lower left hand corner that it was drawn for "1945 Tax Refund"; the other carried the following notation after the name of the payee: "A R 34222962." Appellants' immediate endorsers were and still are solvent.

■ While the common-law crime of forgery may require intent to defraud as one of its ingredients, scienter is not an essential element in illegal or unauthorized endorsements of negotiable instruments under Section 23 of the Negotiable Instruments Law of Georgia, Georgia Code, Sec. 14–223, which provides, among other things, that if the signature is "forged or made without the authority", it is wholly inoperative. In the instant cases, the indorsements on the checks of the names of the persons, whose names appeared on the face thereof as the true payees, purported to be the signatures of the true payees, not of persons bearing the same name. United States v. National City Bank of New York, D.C., 28 F.Supp. 144, 147; Graves v. American Exchange Bank, 17 N.Y. 205; Cohen v. Lincoln Savings Bank of Brooklyn, 275 N.Y. 399, 405, 10 N.E.2d 457, 112 A.L.R. 1424.

■ The name by which the true payee in a check is designated has reference to the particular person who was intended by the drawer to be the payee; and a person of precisely the same name, who accidentally or wrongfully comes into possession of the check, obtains no title to it. If he obtains the money on it from the bank on which it is drawn, the bank is liable to make it good to the drawer. In J. C. Hockett Co. v. Simmonds, 84 Ohio App. 467, 87 N.E.2d 739, we find this syllabus: "Payment to a person rightfully bearing the name of the payee of a check, but not the person intended by the drawer to be the payee to whom the check was delivered, is ineffective to charge the drawer with liability on such check."

■ We think that the United States was not negligent in mailing these checks, nor is it estopped by its failure to give earlier notice of the wrongful payments. Section 13–2052 of the Georgia Code, barring recovery upon a forged endorsement after the lapse of one year, has no application to the instant cases. In Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838, it was held that, when the United States disburses its funds or pays its debts, it is exercising a constitutional function, and its rights and duties on commercial paper so issued are governed by federal rather than local law. See also National Metropolitan Bank v. United States, 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383. Similarly, its right to recover money paid to a bank on pension checks bearing the forged endorsements of the payees is not conditioned upon the giving of notice of the discovery of the forgeries, since the bank, by presenting the checks for payment, warranted their genuineness. United States v. National Exchange Bank of Providence, 214 U.S. 302, 29 S.Ct. 665, 53 L.Ed. 1006. In addition, here all prior endorsements were guaranteed by appellants.

■■ The only bar against the Government is if damage resulted to the bank by reason of the drawee's failure to give prompt notice on learning of the forgery. Clearfield case, supra, 318 U.S. at page 369, 63 S.Ct. at page 576. Both delay and resultant injury are required, which must be established and not left to conjecture. 318 U.S. 363, 369, 63 S.Ct. 573. In the instant cases, no damage is shown to have resulted to appellants by the delay; and the court below did not find that the Government was guilty of laches; neither do we. Therefore, the present situation is covered by the Clearfield case, supra, 318 U.S. at page 370, 63 S.Ct. at page 576.

The judgments appealed from, in our opinion, are correct and should be affirmed.

Affirmed.

RIVES, Circuit Judge (dissenting).

I cannot agree that no damage is shown to have resulted to appellants by reason of the Government's failure to give prompt notice on learning of the forgery. In the case of Clearfield Trust Company v. United States, 318 U.S. 363, 370, 63 S.Ct. 573, 87 L.Ed. 838 it appeared that the Clearfield Trust Company could still recover from J. C. Penny Company, the prior endorser. In the cases now before the Court, it seems to me that that is not true. Each of the prior endorsers subsequent to the payees, whose names were forged, were banks in Georgia entitled to the protection of Section 13–2052, Georgia Code of 1933, reading in pertinent part:

> "No bank which has in good faith paid a check bearing a forged or unauthorized indorsement shall be liable to any person for such payment, either by reason of such payment, the indorsement of said check by such bank, or the guarantee by said bank of prior indorsements, unless within one year after such payment, indorsement by such bank, or guarantee of indorsements by such bank, the drawer of said check or some subsequent indorser or holder thereof shall notify such bank in writing that said check bore a forged or unauthorized indorsement * * *".

It is true that that Section has no direct application to the rights and duties of the United States on the checks because the Clearfield case held that such rights and duties are governed by Federal rather than local law. A different question is presented, however, when we come to the possible claims of appellants against prior endorsers. Under the Uniform Negotiable Instruments Law in effect in Georgia, payment of the amounts of the checks by the appellants to the United States did not subrogate them to the rights of the United States, but remitted them to their former rights as regards all prior parties. 8 Am.Jur., Bills and Notes, Section 826. Each endorsement constitutes a separate contract. Even though the checks are drawn on the Treasurer of the United States, the rights and liabilities of an endorsee against a prior endorser on an endorsement to which the United States is not a party are controlled by the law of the state where the endorsements were made, that is, by Georgia law. 11 Am.Jur., Conflict of Laws, Section 148.

In both cases it appears that the United States learned of the forged or unauthorized endorsements long before the expiration of one year after the checks were cashed, but did not notify the appellants or any prior endorser banks that the checks bore a forged or unauthorized endorsement until more than one year after such payment. The appellants, therefore, had no opportunity so to notify prior endorser banks and under the Georgia Statute the appellants lost their rights against such banks and were damaged by the unjustified delay of the United States. Under the holding of the Clearfield case, the damages resulting from that delay should be borne by the United States and not by the appellants. I, therefore, respectfully dissent.