**UNITED STATES of America,**
**Plaintiff,**

v.

**CITY NATIONAL BANK & TRUST COMPANY, Defendant and Third-Party Plaintiff,**

v.

**GRAND AVENUE BANK & TRUST COMPANY, Third-Party Defendant.**

**No. 19878-1.**

United States District Court,
W. D. Missouri, W. D.

Nov. 2, 1972.

Bert C. Hurn, U. S. Atty., C. J. Poirier, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Bernard L. Balkin, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This is an action by the United States against the City National Bank and Trust Company to recover the proceeds of seventy-two checks presented by the Bank to the plaintiff as drawer and drawee of the checks. The complaint alleges that when the government agency that issued the checks, the Army Financial Center, Retired Pay Division, determined that the payee's signatures were forgeries the Bank became obligated for the amount of the checks by reason of its express and implied warranties of prior endorsements. The Bank filed a third party claim against the Grand Avenue National Bank and Trust Company, which initially received the checks from the forger. That claim has been dismissed upon application of the Bank and the third party defendant.

The parties waived jury trial and the case now pends determination pursuant to the full factual stipulation of the parties. The following facts are undisputed. Fletcher Davis, a retired soldier, received disability payments from the United States from November 30, 1946. Davis died February 27, 1954 in the Veteran's Administration Hospital in Wadsworth, Kansas. Notice of his death was given to the Central Office of the Veteran's Administration in Washington, D. C. on March 5, 1954. Application for burial allowance was made to the Veteran's Administration and an award was made. No actual notice of Davis' death, however, was given or otherwise received by the Department of the Army Financial Center, Retired Pay Division, either by the Veteran's Administration or Davis' family.

After his death, the Department of the Army continued to issue treasury checks payable to Fletcher Davis. Each of these checks was cashed at the Grand Avenue Bank by Georgia Mae Davis, Davis' "common-law" wife. Mrs. Davis

later admitted to endorsing Fletcher Davis' name on the checks, entered a plea of guilty to a charge filed in this Court, and was sentenced to serve 90 days in prison; she is unable to repay the amount of the checks.

The Grand Avenue Bank endorsed the checks to the defendant, City National Bank and Trust Company, who in turn presented the checks to the United States Treasury Department for payment. Each endorsement bore the written guarantee of all prior endorsements by the Grand Avenue Bank and in turn by the defendant Bank. Defendant Bank acted solely as a cashing and collecting bank in endorsing and negotiating the checks.

On February 16, 1967, the Veteran's Administration received by an anonymous telephone call information that Davis was dead and that Georgia Mae Davis was cashing the treasury checks. After investigation, this information was communicated to the Department of the Army Retired Pay Division on March 10, 1967. On April 20, 1967 the Treasury was requested to stop payment on the checks. The Treasurer thereupon made three sets of reclamation demands upon City National Bank. When the demands were not honored the United States brought this action to recover the $34,389.53 amount, which constituted the proceeds of the seventy-two checks.

The question presented is whether the government is barred from recovering on the Bank's express and implied warranties because of one government agency's negligence in not communicating the information it had concerning Davis' death to the agency that issued the checks.

Defendant Bank argues that because the Veterans Administration had knowledge of Davis' death, the Department of the Army, Retired Pay Division, had presumptive knowledge of that event, and, therefore, the United States is barred from recovering the amount paid out on the fraudulently endorsed checks. Defendant relies on Clearfield Trust Company v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943), to support its argument that the United States is barred from recovery as drawer-drawee of a check "[i]f it is shown that the drawee on learning of the forgery did not give prompt notice of it and that damage resulted . . . ." [318 U.S. 363, 369, 63 S.Ct. 573, 576]. Reliance is also placed on United States v. First National Bank of Chicago, 138 F.2d 681 (7th Cir., 1943), a case which involved a factual situation almost identical to the one here, for more specific authority. That case, which relied upon defendant's third cited case, United States v. National Rockland Bank, 35 F. Supp. 912 (D.C.Mass., 1940), held that the United States is barred from recovering on forged Treasury checks when one agency of the government has knowledge of the payee's death and the checks are nevertheless issued by another agency.

Defendant's latter two cases, however, cannot be followed in light of the Supreme Court's decision in National Metropolitan Bank v. United States, 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383 (1944). Certiorari was granted in that case specifically to resolve the conflict between the holdings in *First National Bank of Chicago, supra,* and Washington Loan and Trust Co. v. United States, 77 U.S.App.D.C. 284, 134 F.2d 59 (1943); 323 U.S. 457, 65 S.Ct. 354. The Court resolved the conflict in favor of *Washington Loan* which held prompt discovery of fraud is not a condition precedent to suit in cases of fraudulently issued or endorsed government checks.

Defendant is correct in pointing out that there may be a factual distinction between *Washington Loan* and this case. In *Washington Loan* it was not established that any government agency had any actual knowledge concerning the fraud. In this case, it is clear that somewhere in the government a particular agency in fact had knowledge which should have led to the discovery of the fraud if it had been communicated to the agency that issued the checks. The

factual distinction, of course, was before the Supreme Court in *National Metropolitan Bank* and the Court apparently did not find it controlling. In accepting the *Washington Loan* rule the Court necessarily rejected *First National Bank of Chicago.*

The defendant's reliance on *Clearfield* and that case's treatment in *National Metropolitan Bank* to show the continued vitality of the *First National Bank of Chicago* case is misplaced. The Supreme Court in *National Metropolitan Bank,* while recognizing that there were some situations in which principles stated in *Clearfield* may be applicable, held flatly that "negligence of a drawer-drawee in failing to discover fraud prior to a guaranty of the genuineness of prior endorsements does not absolve the guarantor from liability in cases where the prior endorsements have been forged." 323 U.S. 454, 459, 65 S.Ct. 354, 356. The undisputed factual circumstances of this case establish no more than negligence on the part of the government in failing to provide for the communication of the information to the issuing agency.

It is clear that application of the *Clearfield* rule is only justified in a very narrow range of factual situations. This is demonstrated in a recent Fifth Circuit case. The District Court in United States v. National Bank of Commerce in New Orleans, 309 F.Supp. 979 (E.D., La.1970) had held that *Clearfield* barred the United States from recovering the proceeds of retirement checks deposited in the payee's account after his death and paid by the bank to his heirs where the government failed to demand repayment of the checks for seven to eight months after it received notice of the death. The Court of Appeals reversed, see 438 F.2d 809 (5th Cir., 1971), holding that the bank was liable on its express warranty and that the government was not barred by its delay in demanding repayment. We believe that the rationale of the Fifth Circuit is applicable to this case.

In summary, therefore, defendant City National Bank has failed to show that it has any defense to the government's claim based on express warranty. We also conclude that the government is entitled to recover on the warranty implied in federal law, e. g., United States v. Bank of America National Trust & Savings Association, 288 F.Supp. 343 (N.D. Cal., 1968), aff'd. 438 F.2d 1213 (9th Cir., 1971) and on the warranty required by the Treasury Regulation 31, C.F.R. 360.4, which places upon the defendant the duty of guaranteeing the authenticity of prior endorsements.

For the reasons stated, it is hereby

Ordered that judgment be entered against defendant for the sum of $16,413.28, plus costs of this suit.