Sara Lyn SMITH, Plaintiff,

v.

LAKESIDE FOODS, INC., an Illinois Corporation, Defendant.

No. 77 C 1789.

United States District Court, N. D. Illinois, E. D.

Feb. 9, 1978.

Maureen J. McGann, Chicago, Ill, for plaintiff.

Robert L. Berkover, Chicago, Ill, for defendant.

MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

Plaintiff, in Count II of her amended complaint, asserts a claim against defendant for alleged violations of regulations 202.4(c)(4) and 202.4(a), 12 C.F.R. 202.4(c)(4) and (d) (1977), promulgated by the Board of Governors of the Federal Reserve System pursuant to the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (1970). She prays for declaratory and injunctive relief, damages, and costs. Defendant in its answer has admitted that the credit application in question did not contain the language required by the regulations; but it has asserted, as a matter of law, that the regulations in question do not apply in the factual context at bar. Plaintiff has moved for a judgment on the pleadings as to Count II pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motion has been fully briefed and, for the reasons which follow, the motion will be granted.

■ In evaluating a motion for judgment on the pleadings, all material factual admissions or denials of the opposing party are to be accepted. *National Metropolitan Bank v. United States*, 323 U.S. 454, 456–57, 65 S.Ct. 354, 89 L.Ed. 383 (1945); *Beal v. Missouri Pacific Railroad Corp.*, 312 U.S. 45, 51, 61 S.Ct. 418, 85 L.Ed. 577 (1941). Defendant has admitted that its credit application contained neither the optional designation regarding the applicant's title, as required by regulation 202.4(c)(4), nor the conspicuous notice regarding the Federal Equal Credit Opportunity Act, as required by regulation 202.4(d), but claims that the regulations do not apply in the factual context at bar.

■ This court concludes that the regulations in question do apply to the facts at bar. The application of regulation 202.4(d) is limited only by the strictures present in regulations 202.1 and 202.3, none of which adversely affect plaintiff's right to relief. Regulation 202.4(c)(4), requires only that the plaintiff must have applied for a "separate account". Plaintiff states in paragraph 8 of her complaint, and defendant admits in its answer, that "On or about December 4, 1976, *the plaintiff* applied for credit at the Lakeside Food Grocery Store in Lake Forest, Illinois." (emphasis supplied) There is no indication from the pleadings that plaintiff applied for anything other than a separate account. Furthermore, defendant's contention that plaintiff requested that her husband be a co-*user* of the account is irrelevant to the question of whether she applied for a separate account.

■ Finally, defendant argues in its brief that the case does not present a justiciable "case or controversy", as plaintiff has not alleged "any injury at all caused by the defective credit application." This argument is without merit. The amount or existence of actual damages is irrelevant to the instant motion, which only relates to liability. Furthermore, even if plaintiff is unable to prove any actual damages, she may be entitled to declaratory or injunctive relief, or punitive damages and costs, pursuant to regulation 202.13(a), 12 C.F.R. 202.-13(a) (1977) and section 706(b), (c), (d) and (e) of the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(b), (c), (d) and (e).

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings as to Count II will be granted.