PER CURIAM.
The trial court granted the defendants’ motions to dismiss an action for malicious prosecution. The plaintiff appealed. We affirm.
The appellant’s brief contains a number of factual assertions not contained in the record. Our affirmance of the trial court is based upon what the record shows, and that is that Iron and Steel Credit Union and Douglas L. Key, its agent, brought suit against one James Thomas McAnelly on or about November 21, 1979, and took a judgment thereon (apparently by default) on February 6, 1980, in the amount of $2,455.25.
The plaintiff’s name is Larry McAnally. Although he asserts in his brief that he was “denied credit by the First National Bank of Birmingham due to the fact that the above mentioned judgment appeared on his credit report which was given to the First National Bank of Birmingham by the Merchants Credit Association,” nothing in the record shows that this plaintiff has ever been sued by these defendants. It simply shows that a person with a somewhat similar name was sued. Having never been sued by the defendants, the plaintiff has not stated facts upon which he can obtain relief on his claim for malicious prosecution.
Although not delineated as such, the court’s order dismissing the complaint was based upon the pleadings, Alabama Rules of Civil Procedure, Rule 12(c). By its answer, Iron and Steel Credit Union alleged that no judgment was taken against a Larry Mc-Anally by the credit union. This was not controverted below, nor does the appellant deny it in his brief. He simply says the names are so similar as to cause him injury. He does not assert a claim against Merchants Credit Association, nor does he challenge the validity of the suit filed against James Thomas McAnelly. We find no basis for reversal in the record before us. National Metropolitan Bank v. United States, 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383 (1945).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.