ALNOR CHECK CASHING, Appellant,

v.

Jeff KATZ; Solar Research Corporation

v.

UNITED STATES of America,
Third–Party Defendant.

No. 93–1456.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR 34.1(a),
Nov. 8, 1993.

Decided Nov. 30, 1993.

Geoffrey B. Gompers, Philadelphia, PA, for appellant.

Norman E. Greenspan, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for appellee Solar Research Corp.

Michael J. Rotko, U.S. Atty., James G. Sheehan, Asst. U.S. Atty., Chief, Civ. Div. and Richard Mentzinger, Jr., Asst. U.S. Atty., Office of U.S. Atty., Philadelphia, PA, for appellee the U.S.

Before: GREENBERG, COWEN, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I. BACKGROUND

Appellant Alnor Check Cashing Company negotiates third party checks in exchange for a service fee. On or before, December 19, 1991, Jeff Katz cashed a United States Trea-

sury check in the amount of $9,390.90 at Alnor. The check had been issued on November 29, 1991, and was written to the payee as follows:

Pay to the order of
SOLAR RESEARCH CORP
ATTN JEFF KATZ
230 SOUTH BROAD STREET
MEZZANINE
PHILADELPHIA PA 19102.

Katz represented to Alnor that he was a Solar Research Corporation officer authorized to indorse the check. He then indorsed the check "Solar Research Corp." and received $9390.90 less the service charge from Alnor.

Alnor deposited the check in its account at Philadelphia Savings Fund Society (PSFS). However, Solar subsequently informed the Treasury that Katz was no longer one of its employees, and requested that the Treasury issue it a new check. As a result, the Treasury sought reimbursement of the value of the check from PSFS. On September 23, 1992, PSFS notified Alnor that it was debiting Alnor's account for $9390.90 and issuing a check in that amount to the Federal Reserve Bank due to a "forged endorsement."

On November 4, 1992, Alnor filed suit against Solar and Katz in the Court of Common Pleas of Philadelphia County, alleging that they had violated provisions of Pennsylvania's commercial code on negotiable instruments. 13 Pa.Con.Stat.Ann. §§ 3302–05 (1984) (Holders in Due Course). Solar then filed a counterclaim against Alnor, alleging that Alnor negligently failed to verify Katz's claim that he was a Solar officer authorized to indorse the check. Finally, on December 16, 1992, Alnor brought the United States into the action by filing a complaint in joinder against it. The first count of the complaint in joinder claimed that Alnor was entitled to be indemnified by the United States if Solar prevailed on its claim of negligent verification. In the second count, Alnor claimed that the United States wrongfully dishonored the Treasury check, though it was a properly indorsed "pay to the order" commercial instrument, and thus was liable directly to Alnor for the value of the check.

The United States removed the case to federal court on January 27, 1993, and subsequently moved to dismiss both counts of Alnor's complaint against it pursuant to Fed. R.Civ.P. 12(b)(6). The district court granted the government's motion and then remanded the case to the state court for resolution of the remaining claims. *Alnor Check Cashing v. Katz,* 821 F.Supp. 307, 314 (E.D.Pa.1993) (*Alnor I* ). The district court dismissed Count I of Alnor's complaint in joinder on the ground that 31 C.F.R. § 240.5 precluded Alnor from maintaining a claim for indemnification against the United States, *id.* at 312, and dismissed Count II on the ground that the United States' recovery of the value of the check from PSFS was authorized under 31 C.F.R. § 240.6, *id.* at 312–13. Alnor filed a motion for reconsideration, but the district court by order entered April 26, 1993, "reaffirm[ed] its earlier opinion in its entirety." *Alnor Check Cashing v. Katz,* 821 F.Supp. 307, 315 (E.D.Pa.1993) (*Alnor II* ). On May 6, 1993, Alnor appealed from the district court's order of April 26, 1993, limiting its appeal to the dismissal of Count II of the complaint in joinder.

## II. DISCUSSION

Alnor challenges the district court's judgment on three grounds. First, it argues that the district court failed to apply the proper standard for a motion to dismiss under Fed. R.Civ.P. 12(b)(6). *See* Brief at 8. Second, Alnor contends that the district court construed its complaint in an "unduly narrow manner so as to preclude consideration" of its argument that federal common law authorizes Alnor to enforce the check "based upon the Government's broken promise to pay the check's face value 'to the order' of the payee." *Id.* at 8–9. Finally, it argues that the district court misapplied federal law. *Id.* at 9.

We exercise plenary review over the district court's order dismissing Alnor's complaint under Rule 12(b)(6) for failure to state a claim on which relief may be granted. *General Elec. Co. v. Cathcart,* 980 F.2d 927, 931 (3d Cir.1992); *Ditri v. Coldwell Banker Residential Affiliates, Inc.,* 954 F.2d 869, 871

(3d Cir.1992). We have jurisdiction under 28 U.S.C. § 1291, and will affirm the district court's order of April 26, 1993.

■ Alnor claims that the district court misapplied the standard for consideration of a motion to dismiss under Rule 12(b)(6) by improperly resolving disputed factual issues against it.[1] We find no support in the record for this position and in any event, in deciding the case, we are accepting Alnor's allegations. Moreover, the record belies Alnor's claim that the district court failed to consider whether the federal common law authorized it to enforce the check "based upon the Government's broken promise to pay the check's face value 'to the order' of the payee." *See* Brief at 8–9. The district court held that the federal common law did not allow Alnor to enforce the check against the United States because the government's reclamation of the value of the check from PSFS was authorized by the treasury regulation at 31 C.F.R. § 240.6. *See Alnor II,* 821 F.Supp. at 318–19; *Alnor I,* 821 F.Supp. at 312–13. The district court also held that "Alnor's failure to comply with Treasury Regulation 31 C.F.R. § 240.11 (1993) preclude[d] Alnor from bringing any claim against the United States" for enforcement of the check. *See Alnor II,* 821 F.Supp. at 319.

■ Alnor's argument that the district court misapplied federal law also lacks merit. In *Clearfield Trust Co. v. United States,* 318 U.S. 363, 366, 63 S.Ct. 573, 575, 87 L.Ed. 838 (1943), the Supreme Court held that "[t]he rights and duties of the United States on commercial paper which it issues are governed by federal rather than local law." *See also National Metropolitan Bank v. United States,* 323 U.S. 454, 456, 65 S.Ct. 354, 355, 89 L.Ed. 383 (1945). Although these rights and duties should be derived from the federal common law in the "absence of an applicable Act of Congress," *id.* at 367, 63 S.Ct. at 575, we must decline Alnor's invitation to look to the federal common law in this case for the basis of our decision. Instead, we decide the case pursuant to the Treasury regulations promulgated under 31 U.S.C.

§ 3328(e)(1)(B), which govern the relationship among the federal government, indorsers of government checks, and banks presenting government checks to the United States Federal Reserve Bank for payment. *See United States v. City National Bank & Trust Co.,* 491 F.2d 851, 853 (8th Cir.1974). *See also Van Orman v. American Ins. Co.,* 680 F.2d 301, 312 (3d Cir.1982).

■ Treasury regulation 31 C.F.R. § 240.6 requires a presenting bank to refund the value of a check paid by the Treasury, if the check later is found to bear "a forged or unauthorized indorsement." 31 C.F.R. § 240.6(a). Treasury regulation 31 C.F.R. § 240.2(p) defines an unauthorized indorsement to include an "indorsement made by a person other than the payee, except as authorized by and in accordance with § 204.5 and §§ 240.11 through 240.15." 31 C.F.R. § 240.2(p)(1). Katz's indorsement of the check was unauthorized because: (1) Solar, not Katz, was the payee, and because (2) Katz's indorsement was not authorized by § 240.11.

The Treasury regulation at 31 C.F.R. § 240.11 provides in part that:

> [t]he indorsement by another on behalf of the named payee or payees, which consists of the name(s) of the payee(s), whether as purported signature(s) or otherwise, and *not* the signature of the person other than the named payee or payees indorsing the check, regardless of the relationship between the indorser and the named payee or payees, ... is unacceptable.

31 C.F.R. § 240.11(c)(2) (emphasis in original). Since Katz's indorsement consisted only of the name of the payee, Solar, his indorsement was "unauthorized," and thus the United States was entitled to a refund of the value of the check from PSFS, the presenting bank. 31 C.F.R. §§ 240.6, 240.-11(c)(2). Therefore, the government's reclamation of the value of the check from PSFS

---

1. When reviewing an order dismissing a complaint under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true.

*Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).

did not wrongfully interfere with Alnor's contractual rights. 31 C.F.R. § 240.6.[2]

 Finally, having accepted a check bearing an unauthorized indorsement by a non-payee, Alnor cannot enforce the check against the government. *Id.* at § 240.-11(c)(2).[3] On the contrary, the Treasury regulation at 31 C.F.R. § 240.5 provides that by indorsing the government check, Alnor is "deemed to guarantee to the Treasury that ... [if the first indorser was not a payee,] the person ... had unqualified capacity and authority to indorse the check on behalf of the payee." Essentially, as Alnor explains it, the

> core argument in this case was ... [that] Federal Common Law holds the Government liable to an authorized 'holder' of a wrongfully dishonored check under a contract of maker theory.

*See* Brief at 13 (citation omitted). The argument fails to state a claim upon which relief may be granted because, based on the controlling Treasury regulations, Alnor was not an authorized holder and the government check was not dishonored wrongfully.

The order of April 26, 1993, will be affirmed.

---

**2.** Moreover, "the actions of ... [PSFS] in debiting ... [Alnor's] account [cannot] be imputed to the federal government on some theory of agency." *Powderly v. Schweiker*, 704 F.2d 1092, 1099 (9th Cir.1983) (Fletcher, J., concurring). *See also Dockstader v. Miller*, 719 F.2d 327, 332 (10th Cir.1983) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157, 98 S.Ct. 1729, 1734, 56 L.Ed.2d 185 (1978)) (The "[b]ank's action [in debiting a customer's account] may not 'fairly be attributed' to Treasury."), *cert. denied*, 467 U.S. 1256, 104 S.Ct. 3546, 82 L.Ed.2d 849 (1984). *But see Breault v. Heckler*, 763 F.2d 62, 65 (2d Cir.1985) ("Where, as here, the Government demands money from a bank in an amount calculated to reflect deposits made in an individual account, knowing full well as it does so that the bank inevitably will debit that account for the amount so taken," there is sufficient governmental action to support a due process claim.).

**3.** The district court concluded that "Alnor's failure to investigate Katz's authority violated 31 C.F.R. § 240.11." *Alnor II*, 821 F.Supp. at 320. Alnor argues that this conclusion was predicated on an improper factual finding against it, as it contends that Katz was authorized by Solar to sign the check. Brief at 14. However, our conclusion that Alnor violated § 240.11 is based on a different factual predicate. We conclude that Alnor violated 31 C.F.R. § 240.11 by accepting an indorsement which the regulation explicitly defines as "unacceptable." The facts supporting this conclusion are undisputed.