**AIR ENGINEERING METAL TRADES COUNCIL, AFL–CIO, Plaintiff,**

v.

**ARO, INC., Defendant.**

Civ. A. No. 925.

United States District Court
E. D. Tennessee,
Winchester Division.

Aug. 5, 1969.

Cecil D. Branstetter, Carrol D. Kilgore, Nashville, Tenn., for plaintiff.

Thomas A. Wiseman, Jr., Tullahoma, Tenn., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action to enforce arbitration under a collective bargaining agreement. 29 U.S.C. § 185. The Court has

jurisdiction of such matters under 28 U.S.C. § 1337 and 29 U.S.C. § 185. Both parties seek a summary judgment. Rule 56 (b), (c), Federal Rules of Civil Procedure.

■ The current dispute between these parties is whether the defendant can be compelled to arbitrate with the plaintiff-union for an open shop on the defendant's premises, located within the geographical bounds of the state of Tennessee, when Tennessee has made open shops within Tennessee unlawful. T.C.A. §§ 50–209, 50–210. The judicial function of this Court is limited to determining whether the defendant has breached its promise to thus arbitrate, i. e., whether the defendant agreed to arbitrate this issue, with any doubt to be resolved in favor of such arbitration. United Steelworkers of America v. Warrior & Gulf Nav. Co. (1960), 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353 [3–6], 4 L.Ed.2d 1409. 29 U.S.C. § 185 " * * * means that the agreement to arbitrate grievance disputes contained in * * * [a] * * * collective agreement [providing for such], should be specifically enforced. * * * " Textile Workers Union v. Lincoln Mills of Ala. (1957), 353 U.S. 448, 451, 77 S.Ct. 912, 915 [2], 1 L.Ed.2d 972.

An employee grievance was filed on this issue, charging that the defendant had violated its agreement to negotiate for a union shop. When there was no satisfactory adjustment reached on this issue under the grievance procedures, the plaintiff made a timely demand upon the defendant to refer the issue to arbitration. The defendant declined to join in the arbitration of that issue.

It is provided in article IV of the collective bargaining agreement of the parties, currently in effect, inter alia,

that any controversy which has not been satisfactorily adjusted " * * * under the Grievance Procedure and which involves * * * the interpretation or application of the provisions of this contract, or * * * an alleged violation of the contract may be submitted for settlement to the Arbitration Committee within fifteen (15) days after the final action taken under the third step of the Grievance Procedure.* * * * The decision of the majority of the Arbitration Committee shall be final and binding on both parties. * * * "

■ It thus appears that the present controversy between the parties involves both (a) the interpretation or application of the provisions of that agreement and (b) an alleged violation of the contract, and that, under the agreement, both parties agreed that such issues should be submitted to the arbitration committee provided for therein. It is incumbent upon such arbitration committee, and not the courts, to determine (a) whether there can be negotiation for a union shop under that agreement and (b) whether the defendant has violated such agreement. Enforcement of the agreement to arbitrate, accordingly, is proper.

The motion of the defendant for a summary judgment hereby is OVERRULED. The motion of the plaintiff for a summary judgment hereby is SUSTAINED. If either party hereto fails to designate its respective representatives to the arbitration committee within five days, on proper motion when presented, this Court will sign a proper order for the issuance of a mandatory injunction against that party to arbitrate under this agreement. Otherwise, after fifteen days herefrom, this action stands

Dismissed.

---

* This grievance was filed on November 15, 1968, claiming a violation by the defendant of the agreement by refusing to negotiate for a union shop. The defendant declined, claiming an interpretation and application of the provisions of the agreement which rendered such negotiation to that end impossible. It is undisputed that more than 15 days have now elapsed since final action was taken under the third step of the grievance procedure delineated in the agreement.