AIR ENGINEERING METAL TRADES
COUNCIL AND AFFILIATED UN-
IONS, AFL–CIO, Plaintiff,

v.

ARO, INC., Defendant.

Civ. A. No. 945.

United States District Court
E. D. Tennessee,
Winchester Division.

Nov. 25, 1969.

Joseph F. DiRisio, Chattanooga, Tenn., for plaintiff.

Thomas A. Wiseman, Jr., Tullahoma, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action to enforce a collective bargaining agreement. 29 U.S.C. § 185. The plaintiff seeks a judgment on the pleadings. Rule 12(c), Federal Rules of Civil Procedure. The well-pleaded material allegations of the defendant's pleading are taken as true. National Metropolitan Bank v. United States (1945), 323 U.S. 454, 456–457, 65 S.Ct. 354, 89 L.Ed. 383, 388 (headnote 4).

At issue is whether the defendant violated ammendum no. 24 to the collective bargaining agreement of the parties, by not assigning its instrument-technicians to work on the equipment and systems of North American Rockwell Company in

a certain control room. This controversy became the subject of a grievance. The defendant agrees in its answer that this grievance was processed properly through the first three steps of the grievance procedure, the defendant having waived the first two steps thereof and having denied it on the merits in the third. The defendant's answer admits further that the plaintiff notified the defendant of its desire to submit the grievance to arbitration, and that the defendant refused on March 19, 1969 to thus arbitrate.

As this Court stated earlier in reference to this identical bargaining contract of these same parties:

" * * * The judicial function of this Court is limited to determining whether the defendant has breached its promise to thus arbitrate, i. e., whether the defendant agreed to arbitrate this issue, with any doubt to be resolved in favor of such arbitration. United Steelworkers of America v. Warrior & Gulf Nav. Co. (1960), 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353 [3–6], 4 L.Ed.2d 1409. 29 U.S.C. § 185 ' * * * means that the agreement to arbitrate grievance disputes contained in * * * [a] * * * collective agreement [providing for such], should be specifically enforced. * * * ' Textile Workers Union [of America] v. Lincoln Mills of Ala. (1957), 353 U.S. 448, 451, 77 S.Ct. 912, 915 [2], 1 L.Ed.2d 972.

"An employee grievance was filed on this issue * * *. When there was no satisfactory adjustment reached on this issue under the grievance procedures, the plaintiff made a timely demand upon the defendant to refer the issue to arbitration. The defendant declined to join in the arbitration of that issue.

"It is provided in article IV of the collective bargaining agreement of the parties, currently in effect, *inter alia,* that any controversy which has not been satisfactorily adjusted ' * * * under the Grievance Procedure and which involves * * * the interpretation of application of the provisions of this contract, or * * * an alleged violation of the contract may be submitted for settlement to the Arbitration Committee within fifteen (15) days after the final action taken under the third step of the Grievance Procedure.*

* * * The decision of the majority of the Arbitration Committee shall be final and binding on both parties. * * * '

"It thus appears that the present controversy between the parties involves both (a) the interpretation or application of the provisions of that agreement and (b) an alleged violation of the contract, and that, under the agreement, both parties agreed that such issues should be submitted to the arbitration committee provided for therein. It is incumbent upon such arbitration committee, and not the courts, to determine * * * " the issues.

Air Engineering Metal Trades Council, AFL-CIO v. Aro, Inc., 306 F.Supp. 7, D.C.Tenn. (1969).

■■ It is not disputed in the defendant's answer herein that more than 15 days have now elapsed since final action was taken under the third step of the grievance procedure delineated in the aforementioned agreement of the parties. In considering a motion by the plaintiff for a judgment on the pleadings, * * * the question for determination is whether on the undenied facts alleged in the complaint and as-

---

* This grievance was filed on November 15, 1968, claiming a violation by the defendant of the agreement by refusing to negotiate for a union shop. The defendant declined, claiming an interpretation and application of the provisions of the agreement which ren-dered such negotiation to that end impossible. It is undisputed that more than 15 days have now elapsed since final action was taken under the third step of the grievance procedure delineated in the agreement.

suming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law. \* \* \* Or, to put it another way, the question is whether the facts alleged in the answer are material in the sense that, if proved, they will constitute a legal defense to the plaintiff's claim. \* \* \*" United States v. Blumenthal, C.A.3rd (1963), 315 F.2d 351, 352–353 [1]. As indicated hereinbefore, the facts admitted in the answer reflect that there is no issue for adjudication in this Court. Thus, enforcement of the agreement of the parties to arbitrate the issue in controversy is proper.

The motion of the plaintiff for a judgment on the pleadings hereby is sustained. If either party fails to designate its respective representatives to the arbitration committee within five days, on proper motion when presented, this Court will sign a proper order for the issuance of a mandatory injunction against that party to arbitrate under the agreement herein. Otherwise, after fifteen days, this action stands

Dismissed.