TRUCK DRIVERS AND HELPERS
LOCAL UNION NO. 549,
Plaintiff,

v.

GROSSET & DUNLAP, INC., Defendant.

Civ. A. No. 2680.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 14, 1971.

Shelburne Ferguson, Jr., and D. Bruce Shine, Kingsport, Tenn., for plaintiff.

W. Scott Trundle, Kingsport, Tenn., and Carl A. Schwarz, Jr., New York City, for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a removed action, 28 U.S.C. § 1441(b), involving a federal question, 29 U.S.C. § 185(a). The plaintiff union seeks the processing of its grievance against the defendant employer under the pertinent terms of a collective bargaining agreement of the parties of February 28, 1967, as supplemented and extended by the written consent of the parties of April 20, 1970. Both parties have moved for a summary judgment, Rules 56(a), (b), Federal Rules of Civil Procedure.

The material facts are not in genuine dispute. Rule 56(c), Federal Rules of Civil Procedure. The parties entered into a bargaining agreement on February 28, 1967, which was effective as of February 1, 1967 and which was to terminate at midnight, January 31, 1970, unless extended by the written consent of the parties. By article XVII thereof, the parties agreed that any question or controversy regarding the interpretation or application " * * * of any of the specific provisions * * *" of their agreement would be resolved under the grievance and arbitration procedures established therein. On and before April 20, 1970, the parties commenced negotiations to extend their agreement. One of the issues negotiated was the projected transfer of the operation of the defendant's "returns department" facility at Kingsport, Tennessee to another entity. The negotiators stated their respective positions on this issue at a meeting of April 20, 1970; but, the negotiation ses-

sion was then concluded without any agreement's being reached thereupon. As is stated by the minutes of this negotiation session: " * * * The parties thereupon entered into collective bargaining and reached the agreement * * * ", exemplified by a written consent of that date supplementing the 1967 agreement in certain particulars and extending it to terminate at midnight, January 31, 1971, unless sooner terminated by the parties. The grievance and arbitration procedures of the 1967 agreement were not modified in any manner; and, it was agreed by the parties that, " * * * [e]xcept as modified by this Supplemental Agreement, all terms, conditions and all other benefits of the Collective Bargaining Agreement, as supplemented, shall remain the same and in full force and effect between the parties for their respective terms as reinstated. * * * " See ¶ II.

On January 13, 1971, the plaintiff made a valid request of the defendant to arbitrate, under their collective bargaining agreement, the former's grievance that the defendant had transferred operation of its returns department facility aforementioned to a third-party independent contractor. The plaintiff claims that such transfer was a sham designed to circumvent its rights under the aforesaid collective bargaining agreement. The defendant refused such arbitration, on the theory that this issue was not a specific provision of such agreement which the parties had agreed to submit to such procedures.

■■ Courts will not enter a controversy which is subject to arbitration. Order of Railway Conductors, etc., v. Clinchfield R. Co., C.A. 6th (1969), 407 F.2d 985, 988 [1], reversing D.C.Tenn. (1967), 278 F.Supp. 322, certiorari denied (1969), 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92. Courts are reluctant to remove a dispute from arbitration under the guise of interpreting a collective bargaining agreement. *Ibid.,* 407 F.2d at 989 [6]. " * * * The function of the court is very limited when the parties have agreed to submit all [1] questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. * * * " United Steelworkers of America v. American Mfg. Co. (1960), 363 U.S. 564, 567–568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1407 (headnote 4). " * * * [A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. * * * " United Steelworkers of America v. Warrior & G. Nav. Co. (1960), 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409, 1417 (headnote 18).

■ It is the opinion of this Court [2] that the parties agreed specifically that the disputed issue was to be subjected to the grievance and arbitration procedures of their contract. ¶ XXI thereof states as a management right that:

* * * Any employee terminated because of sub-contracting other than of a type presently being performed may follow such sub-contracted work. * * *

A grievance under the agreement is defined as a question or controversy regarding the interpretation or application of any of the specific provisions of such agreement. *Ibid.,* ¶ XXVII. Whether the aforementioned ¶ XXI of such agreement contemplates the situation whereunder certain of the plaintiff's members have been terminated " * * * because of sub-contracting other than of a type presently being performed * * * ", and whether the terminated employees " * * * may follow such * * * work * * * " are

---

1. These parties did not agree to submit "all" questions of contract interpretation to the arbitrator.

2. This Court's decision does not follow precisely the issue framed by the briefs of the parties.

**1400**

matters for decision by the arbiters. In other words,

\* \* \* \* \* \*

" \* \* \* Whether the [plaintiff] is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the [plaintiff] should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.

The courts, therefore, have no business weighing the merits of the grievance [footnote reference omitted], considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. \* \* \* United Steelworkers of America v. American Mfg. Co., *supra,* 363 U.S. 564 at 568–569, 80 S.Ct. at 1346–1347, 4 L. Ed.2d at 1407 (headnotes 4, 5). " \* \* \* An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. \* \* \* " United Steelworkers of America v. Warrior & G. Nav. Co., *supra,* 363 U.S. at 583, 80 S.Ct. at 1353, 4 L.Ed.2d at 1418 (headnote 19).

It results that the defendant's motion for a summary judgment hereby is denied, and the motion of the plaintiff for a summary judgment hereby is granted. The parties are directed to proceed forthwith with grievance and arbitration procedures in the procedural manner delineated by their agreement. If shown to be necessary, this Court will issue a proper order for a mandatory injunction against either party refusing to thus proceed. If such application is not forthcoming within 30 days herefrom, this action shall thereafter stand

Dismissed. Air Engineering Metal Trades Coun. & Affil. U. v. Aro, Inc., D.C.Tenn. (1969), 307 F.Supp. 934, 936.