United States Court of Appeals,

Eleventh Circuit.

No. 95-6267.

UNITED STATES of America, Plaintiff-Appellee,

v.

TWO PARCELS OF REAL PROPERTY LOCATED IN RUSSELL COUNTY, ALABAMA, and One Parcel of Real Property Located in Lee County, Alabama, with all Appurtenances and Improvements Thereon, and More Particularly Described Hereinafter, Defendant,

Joseph Carl Brown, Naomi Matichka, James William Brown, Michael W. Brown, Carrie Mae Brown, Claimants-Appellants,

and

One Parcel of Real Property Located at Route 1, Box 650, Salem, Lee County, Alabama, with all Appurtenances and Improvements Thereon, Defendant,

Carl Brown, Naomi Matichka, Claimants-Appellants,

Terry Brown, et al., Claimants,

and

Four Parcels of Real Property Located in Russell County, Alabama, with all Appurtenances and Improvements Thereon, Defendant,

Angela Brown, et al., Claimants,

Michael Brown, Joseph Carr Brown, Carrie Mae Brown, Claimants-Appellants,

and

One Parcel of Real Property Described as Lot 9, Rite-Way Subdivision, Highway No. 12, Lee County, Alabama, with all Appurtenances and Improvements Thereon, Including a Mobile Home, Defendant,

James William Brown, Carrie Mae Brown, Claimants-Appellants.

Aug. 28, 1996.

Appeals from the United States District Court for the Middle District of Alabama. (Nos. CV-92-D-500-E, CV-92-D-693-E, CV-92-D-1332-E, CV-92-D-1436), Ira De Ment, Judge.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit

Judge.

PER CURIAM:

On this appeal from a summary judgment of forfeiture of several pieces of property purchased with the proceeds of marijuana transactions or used for the production of marijuana, the claimants allege several errors:

1. The complaints should have been dismissed because the conclusory allegations did not comply with the strict pleading requirements in forfeiture cases.

2. The court failed to consider claimants' evidence which established an issue of fact, or should have resulted in a summary judgment for claimants.

3. The court improperly considered evidence acquired after the filing of the complaints.

4. The court improperly considered the claimants' invocation of the Fifth Amendment in response to discovery questions in concluding there was probable cause for forfeiture.

Finding no merit to any of these assignments of error, we affirm.

## Law of Forfeiture

Federal statutes provide that property is forfeited to the Government when it is used or intended to be used to facilitate illegal drug activities, 21 U.S.C. § 881(a)(7) (Supp.1994); or when it constitutes proceeds traceable to the exchange of money for a controlled substance, section 881(a)(6) (1981). Once the Government seizes property, the claimant must establish ownership of the property in question. *E.g., United States v. 1012*

*Germantown Road,* 963 F.2d 1496, 1500 (11th Cir.1992). Then it is the Government's burden to show probable cause for the belief that the property to be forfeited is substantially connected to drug dealing. 21 U.S.C. § 881(a)(3) (1988) (incorporating procedures in 19 U.S.C. § 1615 (1982) for shifting burden of proof in civil forfeiture proceeding). *1012 Germantown Road,* 963 F.2d at 1500-01; *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1440 (11th Cir.1991) (*en banc* ). Once the Government has met its burden, the ultimate burden falls upon the claimant to prove by a preponderance of the evidence a defense to the forfeiture, such as the innocent owner defense, 963 F.2d at 1501, or that the property derived from a legitimate source. Section 881(d); 941 F.2d at 1438.

Thus, the critical issue in a forfeiture case is whether the Government has shown probable cause which, unrebutted by the claimants, is sufficient to permit forfeiture.

## 1. Sufficiency of Complaint

A complaint for forfeiture must adhere to the pleading requirements set forth in Rule E(2)(a) of the Supplemental Rules of Certain Admiralty and Maritime Claims. These rules impose a more stringent obligation on the Government than the notice pleading requirements of the Federal Rules of Civil Procedure to set forth grounds for forfeiture. *See generally United States v. Property Located at 4880 S.E. Dixie Highway,* 838 F.2d 1558 (11th Cir.1988); *United States v. $38,000 in United States Currency,* 816 F.2d 1538 (11th Cir.1987). Specifically Rule E(2)(a) requires a complaint to "state the circumstances from which the claim arises with such

particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  To satisfy this specificity requirement, the complaint "must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture:  in particular, that the Government has probable cause to believe that a substantial connection exists between the property to be forfeited and the exchange of a controlled substance."  *$38,000,* 816 F.2d at 1548.

In applying this standard, this Court has dismissed a forfeiture complaint where it has contained "not even a whiff of evidence" to suggest the property was in any way linked to illegal drug activity.  *$38,000,* 816 F.2d at 1548.  The complaint in *$38,000* merely stated that the Government seized the currency, and recited some probable cause language from section 881.  Neither the complaint nor the accompanying affidavit recited any facts to support the Government's claim of probable cause.  *$38,000,* 816 F.2d at 1541.

The complaints in this case allege that James Brown and his son, Carl Brown, dealt in quantity sales of marijuana and cocaine over a period of time and generally describe the method of operation.[1]  Specific sales were not alleged, except for two sales

---

[1]The complaints state the following facts:

> 3. The facts and circumstances supporting the seizure and forfeiture of the Defendant property are that James William Brown (James Brown) and his son, Joseph Carl Brown (Carl Brown), deal in large quantity sales of marijuana and cocaine (controlled substances). On a weekly or bi-weekly basis one of the Browns would go to Texas and purchase 50-100 pounds of marijuana

which would not generate the kind of money needed for the purchase of the properties involved. The complaints then alleged the general methods of large scale drug dealers in the handling of cash, and specifically alleged the purchase with cash of each of the properties sought to be forfeited, from whom they were bought, and how the title was handled. They alleged the properties were purchased with the proceeds of drug sales, and that one parcel was used to facilitate the sale of controlled substances.

The complaints specified no date or location of any purported or intended drug dealings, no dollar amounts, no specific types or quantities of drugs sold, and no identified participants, other than the two Browns. Yet, there were sufficient facts detailed in

and/or several ounces of cocaine. Occasionally, the Browns would take a "driver" with them and allow the driver to return alone in the car with the marijuana or cocaine. Generally, the Browns only dealt in pound quantities of marijuana and ounce quantities of cocaine. The foregoing information was obtained from a reliable confidential informant (hereinafter, Informant).

4. In early 1991, this Informant was arrested for selling five pounds of marijuana. The Informant had received the marijuana from a man known as "James," who in fact was James Brown.

5. The Informant agreed to cooperate with law enforcement officials and telephoned James Brown. The Informant told James Brown that he/she had the money for the five pounds of marijuana and also wanted to purchase an additional ten pounds of marijuana. The Informant arranged by telephone for the purchase of the marijuana and agreed to meet at the mobile home on the Defendant Parcel located in Lee County, Alabama (hereinafter, Defendant Parcel Three). The Informant met with James Brown at Defendant Parcel Three, paid James Brown for the original five pounds of marijuana, and arranged for the purchase and pickup of the additional ten pounds of marijuana. Thereafter, James Brown was arrested while in and on Defendant Parcel Three.

the complaint to put claimants on notice as to the Government's basis for seizure. Indeed, as the Government notes, the claimants filed responsive pleadings (claims, answers, and on the same day, a motion for summary judgment), without obtaining a more definite statement, indicating that the complaints were sufficient under Rule E(2)(a). The motion to dismiss the complaint for failure to allege a claim with sufficient specificity was not filed until later.

When probable cause is based on evidence that the participants are generally engaged in the drug business over a period of time, have no other source of income, and that the properties were bought with the income produced from that drug business, it is not necessary to identify specific drug transactions in the complaint. *See United States v. Four Parcels,* 941 F.2d 1428, 1440 (11th Cir.1991).

Contrary to appellants' motion for summary judgment or dismiss argument, there was no error in denying the motion to dismiss the complaint for insufficiency.

2. Whether Sufficient Evidence to Establish An Issue of Fact

Claimants next argue the district court erred in considering evidence acquired after seizure in determining whether there was probable cause to "forfeit the property." Examination of probable cause in the civil forfeiture context may require a two-tiered analysis. First, the Government must have probable cause to *seize* the property. Second, the Government in court must show probable cause for "forfeit of property." Claimants, on this issue, appear to confuse probable cause to seize the property initially with the

ultimate determination whether forfeiture was proper.

At the summary judgment stage where the court's focus is on the ultimate determination of whether the property is forfeit, it is perfectly appropriate for the court to consider all the evidence adduced by the Government. *United States v. $121,100 in United States Currency,* 999 F.2d 1503 (11th Cir.1993); *Four Parcels,* 941 F.2d at 1440.

### a. Claimant's Motion for Summary Judgment

The application of the burdens of proof in reviewing these cross-motions is set out in *United States v. Four Parcels of Real Property,* 941 F.2d 1428 (11th Cir.1991). As a preliminary matter, whether it is the Government or the claimant who moves for summary judgment, the court must determine whether the Government has shown probable cause. *Four Parcels,* 941 F.2d at 1439. It is the claimant's initial responsibility to point out to the court why it believes the Government does not have probable cause for the forfeiture. 941 F.2d at 1439 n. 25.

The verified complaint stated that on a weekly or bi-weekly basis, either James Brown or his son, Carl Brown, would travel to Texas to purchase 50-100 pounds of marijuana and/or several ounces of cocaine. The complaint also detailed a drug transaction involving James Brown conducted in a mobile home located on one of the defendant parcels for which James Brown was later arrested. In addition, the complaint detailed the cash purchases of the property in question and how it was titled to various members of the Brown family.

As a result of discovery, the Government also adduced the

following evidence: (1) four of the claimants, James William Brown, Angela Brown, Joseph Carl Brown, and Michael W. Brown had been convicted of drug related offenses; (2) the cost of the purchased property amounted to more than the claimants' income as reported on their income tax returns; (3) the claimants purchased valuable pieces of real property totally, or predominantly, with cash; (4) the claimants are related by blood or marriage; (5) each of the defendant properties was used for the purposes of at least one claimant; and (6) some of the claimants asserted their Fifth Amendment right against self-incrimination during their depositions.

Evidence that claimants are generally engaged in the drug business over a period of time, have no visible source of substantial income, use cash for large purchases, and are nominee owners is all probative evidence of probable cause, *Four Parcels,* 941 F.2d at 1441-42, as is a history of drug violations, *$121,100 in United States Currency,* 999 F.2d at 1506-07. Finally, as we discuss in more detail below, claimants' invocation of the Fifth Amendment can also be considered as an element of probable cause. We hold that the Government's showing in this case is sufficient to establish probable cause.

Even though the Government has shown probable cause, summary judgment for claimants would be proper if they offered uncontroverted evidence that the funds used to purchase the property were obtained from legitimate sources, or that they were innocent owners unaware of the property's connection with drug sales. *U.S. v. A Single Family Residence,* 803 F.2d 625, 629 (11th

Cir.1986); *United States v. $4,255,000 in United States Currency,* 762 F.2d 895, 906 (11th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986).

As evidence the property was bought with legitimate funds, claimants offered the affidavit of Robert Jones, who testified that he loaned Carl Brown in excess of $100,000 and that he frequently loaned Carl Brown large amounts of cash. Claimants point to no other evidence in the record to establish this defense, nor do they offer any detailed explanation of the allocation of these funds to purchase the various properties. That affidavit is insufficient to prove that the property was obtained from legitimate funds.

As to the innocent owner defense, the claimants attempt to cast the burden on the Government, stating the Government has failed to offer evidence that claimants were not innocent owners. It is claimants' burden, not the Government's, to prove innocent ownership. Claimants identify nothing in the record to support such a defense. The district correctly denied their motion for summary judgment.

b. Government's Motion for Summary Judgment

Once the Government has met its initial responsibility to establish probable cause and the absence of a genuine issue of material fact, the claimants must produce "significant, credible evidence" that the claimant is entitled to the property. *Four Parcels,* 941 F.2d at 1439. The claimants filed no response to the Government's motion, and the bare bones affidavit concerning the loan of cash from a friend is insufficient to create an issue of fact on that defense.

In their appellate brief, claimants contend the district court erred by holding all the property forfeit rather than making decisions about individual pieces of property. By example, the claimants contend Naomi Matichka's property should not be forfeited when she stated in her deposition that she purchased part of the defendant property for $75,000 with $100,000 she alone had saved from her $6.00 per hour job at the mill. The mere allegation of a highly unlikely legitimate source of income without some support to give the allegation credibility cannot constitute an issue of material fact defeating summary judgment for forfeiture. Claimant produces nothing to establish her total income versus expenditures to explain how she could have established such a large amount of cash.

As for claimants' complaint that the district court considered all income of the claimants against the total purchases, such a particularized accounting is not necessary for the Government to establish probable cause, and the claimants offered no evidence that would enable the court to make an accurate analysis. In any event, considering the income of all the claimants rather than just the income of only Carl Brown and James Brown as the true purchasers inured to the benefit of the claimants.

3. Consideration of the Claimants' Invocation of the Fifth Amendment

In deposition, three of the seven claimants refused to answer questions, asserting their Fifth Amendment privilege. The district court inferred that the answers to the questions would not have been favorable to the claimants asserting the privilege.

The claimants had a right to assert the Fifth Amendment privilege in this civil forfeiture proceeding. *United States v. United States Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886). This Court has held, however, that the trier of fact may take an adverse inference against the parties to a civil action refusing to testify on Fifth Amendment grounds. *United States v. A Single Family Residence,* 803 F.2d 625, 629 n. 4 (11th Cir.1986). There is an exception to this rule when a claimant in the civil case is also a defendant in the criminal case and is forced to choose between waiving the privilege and losing the case on summary judgment. *United States v. Premises Located at Route 13,* 946 F.2d 749 (11th Cir.1991). The testifying claimants here were not defendants in a criminal case.

The claimants argue that because of a recent trend in forfeiture cases, we should hold that the so-called civil forfeiture is no longer civil and that the criminal rules should apply. *See Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (Excessive Fines Clause limits scope of civil forfeiture judgments); *United States v. 2751 Peyton Woods Trail, S.W.,* 66 F.3d 1164 (11th Cir.1995) (notice and hearing in accordance with Due Process Clause required prior to seizure). This argument is foreclosed by the Supreme Court's recent pronouncement in *United States v. Ursery,* --- U.S. ----, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), that civil *in rem* forfeitures do not constitute "punishment" for double jeopardy purposes.

Contrary to the claimants' argument, their invocation of the

Fifth Amendment was not the "linchpin" of the summary judgment case, and the district court would have been justified in making its decision without regard to the assertion of the Fifth Amendment privilege.

AFFIRMED.