**UNITED STATES of America,
Plaintiff,**

**v.**

**$10,000.00 in U.S. Currency, and
$8,780.00 in U.S. Currency,
Defendants.**

**No. 1:00 CV 0023.**

United States District Court,
M.D. North Carolina.

Dec. 27, 2004.

Lynne P. Klauer, Office of U.S. Attorney, Greensboro, NC, for Plaintiff.

Benjamin D. Porter, Morrow Alexander Tash Kurtz & Porter, Winston–Salem, NC, for claimant.

## MEMORANDUM OPINION

BEATY, District Judge.

This civil forfeiture action comes before the Court pursuant to Plaintiff United States of America's ("Plaintiff" or "Government") Motion for Summary Judgment

[Document # 24] in this *in rem* proceeding under 21 U.S.C. § 881(a) regarding $10,000.00 in U.S. Currency and $8,780.00 in U.S. Currency ("Defendant Currency"). Claimant Chad Timothy Leftwich ("Claimant" or "Mr. Leftwich") filed an Answer in this matter and asserted a right to the currency, but did not respond to the Motion for Summary Judgment. For the reasons that follow, Plaintiff's Motion for Summary Judgment [Document # 24] is granted.

## I. BACKGROUND

Defendants in this civil forfeiture case, $10,000.00 and $8,780.00 in U.S. Currency, were seized by the Sheriff's Department of Surry County, North Carolina in connection with the arrest and subsequent investigation of Mr. Leftwich. In order to establish the factual background regarding the Defendant Currency, the Government has presented the following affidavits and documentation: (1) a Declaration of Drug Enforcement Administration Special Agent Michael S. Stupar (Memorandum in Support of Government's Motion for Summary Judgment [Document # 25] Ex. A); (2) Records of criminal judgments against Mr. Leftwich for various drug crimes (Memorandum in Support of Government's Motion for Summary Judgment [Document # 25] Ex. B, C–H); (3) a Declaration of Deputy Sheriff Matthew M. Darisse of the Surry County Sheriff's Office (Memorandum in Support of Government's Motion for Summary Judgment [Document # 25] Ex. C); and (4) Mr. Leftwich's answers to interrogatories and tax records produced during discovery (Memorandum in Support of Government's Motion for Summary Judgment [Document # 25] Ex. I, J). Mr. Leftwich has not submitted any evidence in response. Based on the evidence before the Court, the Court finds that the following uncontradicted facts have been established in this matter.

Mr. Leftwich and Mr. Wayne Lawson ("Mr. Lawson") were arrested on July 22, 1999 by Surry County Sheriff's Deputy Joe Gates for breaking and entering. Pursuant to a search, a small quantity of marijuana was found on Mr. Lawson's person. The Sheriff's Department charged both Mr. Leftwich and Mr. Lawson, and a bond was set at $5,000.00 for each person. Mr. Leftwich then asked Tara Allen ("Ms. Allen"), who was Mr. Leftwich's girlfriend at the time and now is Mr. Leftwich's wife, to retrieve money from his savings in order to post the bond for Mr. Leftwich and Mr. Lawson. Following these instructions, Ms. Allen left and later returned with $10,000.00 in cash. Ms. Allen eventually admitted to officers that she had gotten the money from a box located under Mr. Leftwich's bed, and that there was additional money in the box. Ms. Allen further stated that she had been present when Mr. Leftwich sold marijuana, that Mr. Leftwich had sold drugs since they had started dating, and that Mr. Leftwich had been selling drugs about twice a week for the last six months. The Surry County Sheriff's Department later arranged to test the $10,000.00 for the presence of narcotics through the use of a narcotics canine. In this test, the narcotics canine alerted as to the $10,000.00, signaling that it detected the odor of narcotics. The test was repeated twice, and the narcotics canine alerted to the envelope containing the $10,000.00 each time.

In light of this information, a Sheriff's Deputy contacted Mr. Leftwich's mother to request permission to search their residence. After obtaining consent to search, the Deputies searched the residence with the aid of a narcotics canine. According to the Government, the canine alerted on a safe in Claimant Leftwich's room that contained $8,780.00, two gold rings, and a black metal container that was later found

to hold marijuana, scales, sandwich bags, receipts, and a prescription in Mr. Leftwich's name.

As a result of the events of July 22, 1999, Mr. Leftwich was charged with criminal offenses and eventually pled guilty to Maintaining a Dwelling Used for the Keeping or Selling of Controlled Substances and Simple Possession of Marijuana, in violation of N.C. Gen.Stat. §§ 90–108 and 90–95. He was sentenced to 120 days in custody, 30 months supervised probation, and ordered to pay $473.00 in fines and costs.

On February 9, 2002, while still on probation, Mr. Leftwich was involved in a high speed vehicle chase which originated in Carroll County, Virginia, and continued into Surry County, North Carolina. Surry County deputies eventually stopped and arrested Mr. Leftwich. Deputies searched Mr. Leftwich's car incident to the arrest and found a small amount of marijuana and drug paraphernalia. Mr. Leftwich was charged in North Carolina with simple possession of marijuana, possession of drug paraphernalia, maintaining a drug vehicle, and various motor vehicle/traffic offenses.

On July 7, 2002, while still on probation and with the February 2002 charges still pending, Mr. Leftwich was again involved in a vehicle chase, this time with the North Carolina Highway Patrol. During the chase, Trooper B. Jones saw Mr. Leftwich throw something from the car in the area of a bridge over the Ararat River. Surry County Officers subsequently retrieved a bag from that area which contained 1.34 pounds of marijuana, a cell phone, two smoking devices, and a letter addressed to Chad Leftwich. During the search of Mr. Leftwich's vehicle, officers also found 8 grams of methamphetamine, 2 Xanax, 21 Lorazepam, 4 Alprazolam, and a baggie with a small amount of marijuana in it.

Mr. Leftwich was charged with numerous drug and traffic offenses as a result of this arrest. On May 1, 2003, Mr. Leftwich pled guilty in Surry County Superior Court to various charges, including the following drug offenses resulting from his arrests on February 9 and July 7, 2002: Possession with Intent to Sell and Deliver Xanax and Lorazepam; Possession with Intent to Sell and Deliver Methamphetamine; and Manufacture of a Schedule II Controlled Substance. He was sentenced to a minimum terms of 11 months in prison and 48 months supervised probation. In addition, as a result of alleged activity on February 27, 2003, Mr. Leftwich was also charged with possession with intent to distribute methamphetamine and additional traffic offenses.

On the basis of these alleged facts, the Drug Enforcement Administration (DEA) began an administrative forfeiture proceeding in late 1999 against both the $10,000.00 presented by Ms. Allen to serve as bond for Mr. Leftwich and Mr. Lawson and the $8,780.00 found in the safe. In response to the administrative proceeding, Mr. Leftwich's attorney filed, on Mr. Leftwich's behalf, a claim and answer contesting the forfeiture. The DEA subsequently referred the case to the United States Attorney's Office for initiation of a separate judicial forfeiture proceeding. The Government obtained a Default Judgment [Document # 10], but that Default Judgment was set aside by Order of this Court dated January 29, 2002 [Document # 20]. Following discovery, the Government filed a Motion for Summary Judgment [Document # 24]. Claimant Leftwich did not respond to the Motion for Summary Judgment.

## II. DISCUSSION

Summary judgment is appropriate when an examination of the materials properly

before the Court reveals that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is considered "material" if it "might affect the outcome of the suit under the governing law ...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When ruling on a summary judgment motion, the Court "view[s] the evidence in the light most favorable to the non-moving party, granting that party the benefit of all reasonable inferences." *Bailey v. Blue Cross & Blue Shield of Va.,* 67 F.3d 53, 56 (4th Cir.1995). As a result, the Court will only enter summary judgment in favor of the moving party when " 'the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the [nonmoving] party cannot prevail under any circumstances.' " *Campbell v. Hewitt, Coleman & Assocs., Inc.,* 21 F.3d 52, 55 (4th Cir.1994) (quoting *Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.,* 381 F.2d 245, 249 (4th Cir.1967)).

■ In a forfeiture case, the Government has the initial burden of showing that there is probable cause to believe that a substantial connection exists between the property to be forfeited and the criminal activity prohibited by statute.[1] *Boas v. Smith,* 786 F.2d 605, 609 (4th Cir.1986). If the Government makes this showing, it is entitled to a judgment of forfeiture unless the claimant can show, by a preponderance of the evidence, that the property was not acquired in violation of the law or otherwise linked to illegal drug activity. *United States v. Thomas,* 913 F.2d 1111, 1114 (4th Cir.1990). To determine whether the Government has met its burden of establishing probable cause, the Court must consider all of the circumstances set forth by the evidence, including hearsay information if it appears to be reliable, to determine if the property to be forfeited represents the proceeds of illegal drug transactions. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Thomas,* 913 F.2d at 1114.

■ In the present case, the Government alleges a substantial connection between the Defendant Currency and its use to facilitate drug transactions or as proceeds of drug sales. In support of this contention, the Government has presented evidence to establish that the Defendant Currency was stored in a safe in Mr. Leftwich's room along with drugs, drug paraphernalia, and a prescription in Mr. Leftwich's name. The Government's evidence also establishes that Mr. Leftwich has been convicted of multiple drug crimes, both before and since the seizure of the Defendant Currency. Finally, the Government's evidence establishes that a narcotics canine alerted to the Defendant Currency, indicating the odor of narcotics on the currency. Based on this evidence, and construing any ambiguities in favor of the Claimant, the Court finds that probable cause exists to believe that the Defendant Currency was substantially connected to illegal drug activity.

1. The Civil Asset Forfeiture Reform Act of 2000 (CAFRA) changed the burden of proof in forfeiture cases. 18 U.S.C. § 983, 114 Stat. 202, 225 (2000). However, Congress provided that the change would begin to "apply to any forfeiture proceeding commenced on or after the date that is 120 days after the date of the enactment of this Act." 8 U.S.C. § 1324 note, 114 Stat. 202, 225 (2000). CAFRA was enacted on April 25, 2000, so the new burden applies to all cases commenced on or after August 23, 2000. Because administrative forfeiture proceedings began in the present case in 1999, and judicial forfeiture was commenced on January 4, 2000, the date the Complaint was filed, the provisions of CAFRA do not apply. *United States v. $80,180.00 in U.S. Currency,* 303 F.3d 1182 (9th Cir.2002).

Once the Government has met its burden to establish this probable cause, the Claimant must produce "significant, credible evidence that the claimant is entitled to the property." *United States v. Two Parcels of Real Property Located in Russell County*, 92 F.3d 1123, 1129 (11th Cir.1996) (internal quotations omitted). In the summary judgment context, the Claimant must not rest on mere denials of the adverse party's pleadings, but must "come forward with specific facts showing that there is a genuine issue for trial." *United States v. $95,945.18. U.S. Currency*, 913 F.2d 1106, 1111 (4th Cir.1990) (internal quotations omitted). In this case, Mr. Leftwich did not respond at all to the Government's Motion for Summary Judgment, and has failed to offer any evidence to show that there is a genuine issue for trial. In earlier pleadings, Mr. Leftwich's counsel signed and submitted an affidavit stating that "[t]he Claimant can show and has shown through discovery responses that he had legitimate income during the period in question and that the Defendant currency represents his savings from legitimate income." (Affidavit in Support of Claimant's Motion to Set Aside Entry of Default [Document # 13] at 1.) However, Mr. Leftwich has not submitted any evidence or discovery responses to support this assertion. In addition, these assertions are made by Mr. Leftwich's counsel, and Mr. Leftwich himself has not submitted an affidavit regarding the source of the currency. Moreover, the Government has submitted the Form 1099—Miscellaneous Income statements provided by Mr. Leftwich during discovery for 1996, 1997, and 1998, and the income indicated on these forms is insufficient to explain Mr. Leftwich's accumulation of over $18,000.00 in 1999. "The mere allegation of a highly unlikely legitimate source of income without some support to give the allegation credibility cannot constitute an issue of

material fact defeating summary judgment for forfeiture." *U.S. v. Two Parcels*, 92 F.3d at 1129.

Thus, Mr. Leftwich has not set forth any facts to rebut the showing of probable cause. He has not provided any evidence to establish a legitimate source for the funds, or to explain why the currency was stored in a locked safe with drugs and drug paraphernalia. Mr. Leftwich's general denials and assertions by his attorney are insufficient to establish specific facts creating an issue for trial. *Cf. U.S. v. $95,945.18. U.S. Currency*, 913 F.2d at 1111; *U.S. v. Two Parcels*, 92 F.3d at 1129 (allowing Government's Motion for Summary Judgment where "[t]he claimants filed no response to the Government's motion, and the bare bones affidavit concerning the loan of cash from a friend is insufficient to create an issue of fact on that defense.").

Based on this evidence, the Court concludes that Mr. Leftwich has failed to raise any genuine issue of fact to rebut the Government's establishment of probable cause. The Court further finds that since the Government has established probable cause, the burden shifts to Mr. Leftwich to establish that the property was not acquired in violation of the law or otherwise linked to illegal drug activity. The Court finds that Mr. Leftwich has failed to present any evidence to satisfy his burden or to create a genuine issue of material fact on this issue. Therefore, the Government is entitled to a judgment of forfeiture, and the Government's Motion for Summary Judgment [Document # 24] is granted.

## III. CONCLUSION

The Government has presented evidence to establish probable cause that Defendants $10,000.00 in U.S. Currency and $8,780.00 in U.S. Currency had a substantial connection to illegal drug activity pur-

suant to 21 U.S.C. § 881(a)(6). Claimant Leftwich has failed to present any evidence or raise any genuine issues of fact to rebut the showing of probable cause or to indicate that the Defendant Currency was not acquired in violation of the law or otherwise linked to illegal drug activity. Therefore, the Government's Motion for Summary Judgment [Document # 24] is granted.

An ORDER AND JUDGMENT consistent with this Memorandum Opinion will be entered contemporaneously herewith.

### ORDER AND JUDGMENT OF FORFEITURE

For the reasons enumerated in the MEMORANDUM OPINION filed contemporaneously herewith:

IT IS ORDERED that Plaintiff's Motion for Summary Judgment [Document # 24] is GRANTED.

Accordingly, IT IS FURTHER ORDERED that a Final Judgment of Forfeiture be and hereby is entered against Defendants $10,000.00 in U.S. Currency and $8,780.00 in U.S. Currency.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants $10,000.00 in U.S. Currency and $8,780.00 in U.S. Currency are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).