MacDonald, D. Lloyd, J.
The plaintiff, Commonwealth of Massachusetts’ (“the Commonwealth”), complaint arises out of the traffic stop and arrest of the claimant, Hector Olivo (“Olivo”). During the traffic stop a state trooper seized a backpack containing $8,000.00 in United States currency. The Commonwealth seeks forfeiture of the currency pursuant to G.L.c. 94C, §47, asserting that there is a nexus between the currency and drug activities involving Olivo. The matter is before the court on the Commonwealth’s motion for reconsideration of the denial of the Commonwealth’s motion for summary judgment and on Olivo’s cross motion for summary judgment.
For the reasons set forth below, the Commonwealth’s motion for reconsideration and for summary judgment is Allowed, and Olivo’s cross motion for summary judgment is Denied.
Background
On December 2, 2001, Olivo was stopped by Trooper Patrick J. Robinson (“Trooper Robinson" or “Robinson”) after Trooper Robinson observed Olivo’s vehicle traveling at a speed of 85 miles per hour in a posted 65 miles per hour speed zone. Upon approaching the vehicle, Robinson observed that Olivo had white powder smudged on his nose and on the front of his sweater and that his eyes were bloodshot. Olivo was also described as “slow and lethargic.” Robinson also observed what he believed to be marijuana remnants in the front passenger side of the vehicle. There was also a hollowed-out cigar in the same area that Robinson believed — on the basis of his law enforcement experience — was used in connection with a “marijuana blunt” being “rolled.” Robinson also observed a quantity of a white powder packaged as pancake mix in the back seat of the car, which he suspected was connected to illegal narcotics.
Trooper Robinson’s investigation at the scene revealed that the vehicle had been rented by an Angel Cantres, and that there were no provisions in the rental agreement allowing another individual to operate the vehicle. A background check at the scene further revealed that Olivo’s license had been suspended as a Habitual Traffic Offender.
Olivo was arrested and charged with Illegally Operating a Motor Vehicle After Revocation of License as a Habitual Traffic Offender, Speeding and a Marked Lanes Violation.
After receiving his rights per Miranda, Olivo stated that he and his passenger were returning from the Bronx, New York, where they had gone to look at a car to buy. As noted, in the vehicle was a backpack containing $8,000 in cash. Olivo said that the backpack and the cash were his. And he said that he intended to use the money to buy the car in the Bronx.
Trooper Robinson separately interviewed Olivo’s passenger. The passenger confirmed that the backpack was Olivo’s, but he gave a different account of their travels. According to him, he and Olivo had gone to White Plains, New York to drop off a friend and have some beers. The passenger was not aware of Olivo’s plans to purchase a car.
A criminal record check revealed that Olivo had been convicted on four prior occasions of Illegal Possession of a Class D Controlled Substance and/or Illegal Possession of a Class D Controlled Substance With Intent to Distribute.
Robinson seized the backpack containing $8,000.00 in United States currency from the car, believing that the cash was connected to a drug transaction.
Olivo was thereafter not charged with any narcotics offenses, but the Commonwealth filed the present civil forfeiture proceeding and obtained, per McCann, J., an ex parte order pursuant to G.L.c. 94C, §47(d) authorizing the District Attorney to hold temporarily the $8,000 upon the judge’s finding of probable cause that the funds were drug related. Olivo later intervened in the action, claiming entitlement to the $8,000.
Olivo’s counsel brought to the District Attorney’s attention that in March 2000, i.e., 21 months before the arrest, Olivo had received $8,019.28 in a personal *104 injury settlement arising from a car accident. (The personal injury attorney submitted an affidavit confirming the fact.) Olivo’s counsel in the present case asserted that that circumstance, alone, established Olivo’s “legitimate right” to the $8,000 cash.
In the course of the ensuing civil proceeding, Olivo’s counsel filed a request for admissions pursuant to Mass.R.Civ.P. 36. The Commonwealth failed to respond timely to the request, and the Court thereafter deemed the requests to have been admitted on account of such failure to respond.
The facts established by the admissions were the following:
The Commonwealth does not have any direct evidence establishing that the $8,000.00 in United States currency was connected to drug distribution activities.
The Commonwealth does not know whether the $8,000.00 was proceeds of drug distribution activities.
The Commonwealth did not analyze the $8,000.00 to determine if there was drug residue on the currency.
The Commonwealth does not know how Olivo came to be in possession of the money.
The Commonwealth does not know whether the $8,000.00 was proceeds from Olivo’s personal injury settlement, and can not establish that the $8,000.00 was not proceeds from Olivo’s personal injury settlement.
The Commonwealth has confirmed that Olivo did settle a personal injury case which provided Olivo with $8,019.28.[1]
The Commonwealth thereafter filed a motion for summary judgment. However, the Court denied the motion, citing that material issues of fact existed in light of the Commonwealth’s admissions.
The Commonwealth then filed this motion for reconsideration, to which Olivo responded with his cross motion for summary judgment.
Positions of the Parties
The Commonwealth argues that notwithstanding the admissions, the remaining facts that were presented to Judge McCann remain available to be introduced and are sufficient to establish probable cause at the outset of the civil trial on the underlying claim.[2] At that procedural point, the Commonwealth submits that it is relieved of any further burden of proof. As such, the Commonwealth argues it must prevail unless Olivo (with the burden of proof having shifted to him) can establish by a preponderance of the evidence that the subject cash was not drug related.
The Commonweath submits that none of the requests for admissions that were deemed admitted establish that fact. And with the burden having shifted to Olivo and with Olivo’s affirmative evidence as to the legitimate origin of the funds being limited to the affidavit of his personal injury attorney that 21 months before his arrest he sent Olivo an $8,019 check, the Commonwealth submits that no reasonable person could conclude that that circumstance alone was sufficient to meet Olivo’s statutory burden.[3]
Olivo responds that the admissions show that the Commonwealth cannot prove or demonstrate probable cause to believe a money-drug nexus exists, and that he is entitled, therefore, to recover the $8,000.00.
Governing Legal Principles
Justice Nolan’s capsule of the standards that apply to determine issues of summary judgment in Madsen v. Erwin, Mass. 715, 719 (1985), is especially apt to the facts and posture of the present case:
[A] judge presented with a motion for summary judgment must consider “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any” in determining whether summary judgment is appropriate. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). The burden on the moving party is to “show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Id.
Further, “(w]hen a motion for summary judgment is made and supported!,] ... an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” Mass.R.Civ.P. 56(e). See Community Nat’l Bank v. Dawes, 369 Mass. 550, 554, 340 N.E.2d 877 (1976). Moreover, rule 56(e) provides that affidavits used to support or oppose a summary judgment motion “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testily to the matters stated therein.” Mass.R.Civ.P. 56(e) (emphasis added). The requirements of rule 56(e) are mandatory. Jameson v. Jameson, 176 F.2d 58, 60 (D.C.Cir.1949). 10A C.A. Wright, A.R. Miller and M.K. Kane, Federal Practice and Procedure §2738, at 467 (1983).
“If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Conclusory statements or argumentative assertions will not suffice. Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 727-28, rev. denied, 406 Mass. 1101 (1989) (finding insufficient “bare assertions and conclusions regarding the [party’s] understandings, beliefs and assumptions”).
*105 Discussion
Crucial to a resolution of the issue before the Court is an understanding of the statutory regime pursuant to which the forfeiture claim is before the Court. G.L.c. 94C, §47 provides that regime. When, as here, the Commonwealth seeks forfeiture, the initial burden is upon the Commonwealth “to show probable cause for the initiation of the action, i.e., that a drug-property connection, or nexus, exists.” Commonwealth v. Thirty-Four Thousand Thirty-Nine Dollars and Fifty Cents ($34,039.50), 10 Mass. L. Rptr. 450, 1999 WL 791914, *2 (Mass.Super.) (Fecteau, J.).
In order to establish probable cause, “the government need only show a ‘reasonable ground for belief of guilt; supported by less than prima facie proof but more than mere suspicion.’ ” Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass. 1, 8 (1995), citing U.S. v. $250,000 in U.S. Currency, 808 F.2d 895, 897 (1987). The Commonwealth must “prove! ) probable cause to proceed, in the form of sound reason to believe that the money-drug nexus exists.” Commonwealth v. Brown, 426 Mass. 475, 478 (1st Cir. 1998), quoting Fourteen Thousand Two Hundred Dollars, 421 Mass, at 9.
The evidence in the record offered by the Commonwealth is sufficient to support a finding of probable cause as to such a money-drug nexus here. Accordingly, if the case were to go to trial, Olivo would bear the burden to prove by a preponderance of the evidence that there was no such nexus. Commonwealth v. Thirty-Four Thousand Thirty-Nine Dollars and Fifty Cents ($34,039.50), supra 10 Mass. L. Rptr. 450,1999 WL 791914 at *2. The statutoiy text of c. 94C, §47 is, “(A]ny such claimant shall then have the burden of proving that the property is not forfeitable.” “[I]n other words, [Olivo must show by a preponderance of the evidence] that there is a lawful source and purpose for the money.” Commonwealth v. Thirty-Four Thousand-Thirty Nine Dollars and Fifty Cents ($34,039.50), supra 10 Mass. L. Rptr. 450, 1999 WL 791914 at *3.
Thus, the question for the Court is: Could a reasonable fact finder on the basis of all the evidence before it (and the reasonable inferences to be drawn therefrom) conclude that it is more probable than not that the cash in Olivo’s backpack was unrelated to drug activity? The answer is, “No.”
Crucial is the circumstance that this is a civil proceeding (no Fifth Amendment privilege or criminal burden of proof standard inheres to Olivo’s benefit). Olivo has the affirmative obligation to come forward with credible admissible evidence to rebut the presumptive effect of the probable cause finding. In the language of the SJC in Pederson quoted above: Olivo “must respond and allege specific facts establishing the existence of a [legitimate source of the cash in his backpack].” Pederson, 404 Mass, at 17. But the sum total of Olivo’s evidence in the record on this central issue is the affidavit of a personal injury attorney that 21 months before the arrest, he sent Olivo a check for just over $8,000. And as noted above, as well, conclusoxy statements or argumentative assertions will not suffice. Key Capital Corp., 27 Mass.App.Ct. at 727-28.
Federal forfeiture cases (where the principles at play are substantively identical) support this conclusion. The claimant must produce “significant, credible evidence that the claimant is entitled to the property.” U.S. v. $10,000.00 in U.S. Currency, and $8,780.00 in U.S. Currency, 348 F.Sup.2d 612, 617 (M.D.N.C. 2004), quoting U.S. v. Two Parcels of Real Property Located in Russell County, 92 F.3d 1123, 1129 (11th Cir. 1996). At summaryjudgment, the claimant “must not rest on mere denials of the adverse party’s pleadings, but must ‘come forward with specific facts showing that there is a genuine issue for trial.’ ” Id., quoting U.S. v. $95,945.18 in U.S. Currency, 913 F.2d 1106, 1111 (4th Cir. 1990). And here the sole issue is whether a lawful, i.e., non-drugs related, origin of the cash is established.
It is not enough that Olivo advanced some explanation. As the claimant, he has the affirmative burden to present “credible evidence to support [his] defense of [an] alternate legitimate source [of the $8,000].” $149,442.43 in U.S. Currency, 965 F.2d 868, 878 (10th Cir. 1992).
In $10,000.00 in U.S. Currency, and $8,780.00 in U.S. Currency, 348 F.Sup.2d at 617, the claimant’s counsel signed and submitted an affidavit stating that the claimant could show that he had a legitimate income during the period in which the currency was discovered. Id. However, the claimant himself did not provide evidence beyond general denials. Id. The federal court held that the “general denials and assertions by [the claimant’s] attorney [were] insufficient to establish facts creating an issue for trial.” Id., citing U.S. v. $95,945.18 in U.S. Currency, 913 F.2d at 1111. The court also cited U.S. v. Two Parcels of Real Property Located in Russell County, 92 F.3d 1123, 1129 (11th Cir. 1996), in which the court upheld the government’s motion for summary judgment stating “[t]he claimants filed no response to the Government’s motion, and the bare bones affidavit concerning the loan of cash from a friend is insufficient to create an issue of fact on that defense.”
In this case, the fact that there was no evidence that any of the cash came from any particular drug transaction does not, in itself, create a genuine issue of material fact. Olivo’s counsel’s affidavit stating that he recovered approximately $8,000.00 in a personal injuiy lawsuit is insufficient, as well. The 21 -month time period between the personal injury recovery and this incident, especially in the context of the other facts which establish probable cause, undercuts the probative force of the evidence.
Olivo mainly relies on the purported inadequacies of the Commonwealth’s evidence. However, as previously discussed, Olivo’s record of drug convictions *106 and the circumstances and conditions present at the traffic stop support the conclusion that the Commonwealth demonstrated, by probable cause, a money-drug nexus. The burden then shifted to Olivo. And as in any other civil case in such a circumstance, Olivo then bears the affirmative burden to prove the drug-free source of the money in light of the totality of the evidence. Olivo failed to provide specific and credible facts in the summary judgment record that could support a reasonable factfinder’s conclusion by a preponderance of the evidence that there was a lawful source of the money.
Order
For the reasons stated above, the Commonwealth’s motion for reconsideration and for summary judgment is Allowed, and Olivo’s cross motion for summary judgment is Denied. Judgment shall enter for the Commonwealth.

 As noted above, this was confirmed by affidavit of Olivo’s personal injury lawyer.

 The sum of such evidence is the uncontradicted facts of Olivo’s history of narcotics offenses, Trooper Robinson’s observations of the interior of the car and of Olivo’s appearance and conduct at the scene and the contradictory stories of Olivo and his passenger as to the purpose of their trip on the day of the arrest (including Olivo’s account as to the intended use of cash to purchase a car in the Bronx).

 The record includes the text of an affidavit purporting to be Olivo’s, but the affidavit was never executed. Accordingly, it is of no evidentiary significance.