[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2007
THOMAS K. KAHN
CLERK

---------------------------------------

No. 06-15096
Non-Argument Calendar

---------------------------------------

D.C. Docket No. 06-00549-CV-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$41,580.00, in United States Currency,
$2,027.00 in United States Currency,

Defendants,

FRANK T. MCCULLOUGH,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

**(November 9, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Frank McCullough, a North Carolina prisoner, appeals pro se the district court's grant of the government's motion for judgment on the pleadings in a civil forfeiture action under 21 U.S.C. § 881(a)(6). No reversible error has been shown; we affirm.

Drug Enforcement Administration ("DEA") agents in Raleigh, North Carolina contacted DEA agents in Atlanta about McCullough. The Raleigh DEA office needed assistance in locating and arresting McCullough on drug charges involving the sale of MDMA/Ecstasy. In the course of McCullough's arrest and the search of his residence, the Atlanta DEA agents found and confiscated $2,027 of currency in McCullough's pocket, $32,590 of currency wrapped in duct tape -- packaging consistent with the illegal drug trade -- in a box in McCullough's bedroom closet, and $8,990 in currency on a shelf inside the same bedroom closet. A plastic bag containing an undetermined number of MDMA/Ecstasy pills also was found in a cabinet in McCullough's kitchen.

The government filed a complaint for civil forfeiture against the currency seized pursuant to 21 U.S.C. § 881(a)(6). In the complaint, the government chronicled the seizure of the currency and the illegal pills. The complaint also

2

listed seven offenses for which McCullough had been arrested as of the date of the complaint; four offenses involved the possession or manufacture or both of illegal drugs. According to the complaint, the $41,580 seized from McCullough's bedroom and the $2,027 seized from his person were subject to forfeiture under 21 U.S.C. § 881(a)(6) on the grounds that the currency was furnished or intended to be furnished in exchange for a controlled substance, the currency was traceable proceeds of a controlled substance exchange, or the currency was used or intended to be used to facilitate the sale or exchange of a controlled substance.

McCullough filed an answer as is required of persons asserting an interest in seized property. 18 U.S.C. § 983(a)(4)(B). In that answer, McCullough claimed the currency found on his person had been withdrawn from his business bank account, that he told the DEA agents that he had proof that the other funds were "legitimate," and that he was no drug dealer and never had been convicted of a crime involving the sale of narcotics. The government filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). According to the government, McCullough failed to deny the essential allegations in the complaint and, pursuant to Fed.R.Civ.P. 8(d), those allegations should be deemed admitted. The government maintained that, even if the facts alleged in McCullough's answer were accepted as true, and assuming further that all inferences were drawn in his

3

favor, the government was entitled to judgment on the pleadings. The district court agreed stating "[t]he Claimant's Answer does not deny any of the essential allegations of the Complaint."

We review a district court's grant of judgment on the pleadings <u>de novo</u>. <u>Canon v. City of West Palm Beach</u>, 250 F.3d 1299, 1301 (11th Cir. 2001). All well-pleaded factual allegations in the non-moving party's pleadings are assumed to be true and all reasonable inferences drawn therefrom are viewed in a light most favorable to the non-moving party. <u>See</u> <u>National Metropolitan Bank v. United States</u>, 65 S.Ct. 354, 355 (1945); <u>Bass v. Hoagland</u>, 172 F.2d 205, 207 (5th Cir. 1949). And, because McCullough is proceeding <u>pro se</u>, his pleadings are held to a less stringent standard than are pleadings drafted by attorneys. <u>See Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). Although leniency is afforded <u>pro se</u> litigants, observance of procedural rules is still required. <u>See Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002).

The Federal Rules of Civil Procedure require that an answer "admit or deny the averments upon which the adverse party relies;" and denials must "fairly meet the substance of the averments denied." Fed.R.Civ.P. 8(b). If a party fails to deny an averment in a pleading to which a responsive pleading is required, the averment is deemed admitted. Fed.R.Civ.P. 8(d). The government's complaint alleged

4

explicitly that the seized currency was subject to forfeiture under 21 U.S.C. § 881(a)(6) on the grounds that the currency was furnished or intended to be furnished in exchange for a controlled substance, the currency was traceable proceeds of a controlled substance exchange, or the currency was used or intended to be used to facilitate the sale or exchange of a controlled substance. And the government's complaint set out facts supporting its belief that a substantial connection existed between the currency and a controlled substance exchange. See United States v. Two Parcels of Real Prop., 92 F.3d 1123, 1126 (11th Cir. 1996).

McCullough's assertions that the seized currency was "legitimate," and that some of the currency had come from a business bank account, are non-responsive to the government's complaint. McCullough failed to deny that the currency was furnished or intended to be furnished in exchange for a controlled substance, that the currency was traceable proceeds of a controlled substance exchange, and that the currency was used or intended to be used to facilitate the sale or exchange of a controlled substance. Assuming, *arguendo*, that McCullough could -- as he claims-- produce bank statements and other documentation about the money, those materials also would be non-responsive to the governments averments: they would constitute no denial that the funds were intended to be used, or had been obtained,

5

in connection with a drug transaction. That McCullough denied being a drug dealer perhaps supports an inference that he denied that the currency had been received as proceeds of a drug transaction; undenied still would be the government's allegation that the money was intended to be used in exchange for drugs.

Although McCullough's appellate brief contains assertions that would have sufficed to deny the government's pleadings, McCullough failed to include these denials in his answer. Because McCullough's answer included no denial of the essential allegations of the government's complaint, those allegations are deemed admitted by him. The district court committed no error in entering judgment on the pleadings and ordering the currency forfeited.[1]

**AFFIRMED.**

---

[1] We do not address McCullough's argument that the amount of currency seized exceeded the amount acknowledged by the government; that argument is outside the scope of this appeal.